**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| NORTHROP GRUMMAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-cv-01738-MWB |
| | ) | |
| AXIS REINSURANCE COMPANY and | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA., | ) | |
| | ) | |
| Defendants. | ) | |

---

### AXIS REINSURANCE COMPANY'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM

Defendant AXIS Reinsurance Company, hereinafter referred to as "AXIS," responds to the Complaint filed by plaintiff Northrop Grumman Corporation, hereinafter referred to as "Northrop," as follows.

#### Answering The "Introduction"

1.      Answering the allegations of paragraph 1 of the Complaint, AXIS admits that the Complaint seeks payment by AXIS and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") of defense fees and costs allegedly incurred by Northrop arising out of litigation captioned *Marshall, et al. v. Northrop Grumman, et al.*, U.S. District Court for the Central District of California Case No. 16-6794, which was filed on September 6, 2016 (the "*Marshall* Litigation").   Except as otherwise admitted, AXIS denies the allegations set forth therein.

2.      Answering the allegations of paragraph 2 of the Complaint, AXIS admits the allegations set forth therein.

3.      Answering the allegations of paragraph 3 of the Complaint, AXIS denies the allegations set forth therein.

4.      Answering the allegations of paragraph 4 of the Complaint, AXIS admits the allegations set forth therein.

5.      Answering the allegations of paragraph 5 of the Complaint, AXIS admits AXIS and National Union have not made any defense costs payments with respect to the *Marshall* Litigation.  AXIS denies that AXIS has denied - through words and/or actions - that it has coverage obligations regarding defense cost payments with respect to the *Marshall* Litigation.

6.      Answering the allegations of paragraph 6 of the Complaint, AXIS lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations set forth therein.

7.      Answering the allegations of paragraph 7 of the Complaint, AXIS admits that Northrop seeks a damages award from AXIS or National Union and a declaration of the respective obligations of National Union and AXIS to pay defense fees and costs on behalf of Northrop in the *Marshall* Litigation.  Except as otherwise admitted, AXIS denies the allegations set forth therein.

**Answering "The Parties"**

8.      Answering the allegations of paragraph 8 of the Complaint, AXIS admits the allegations set forth therein.

9.      Answering the allegations of paragraph 9 of the Complaint, AXIS admits the allegations set forth therein.

10.     Answering the allegations of paragraph 10 of the Complaint, AXIS admits the allegations set forth therein.

**Answering "Jurisdiction"**

11.     Answering the allegations of paragraph 11 of the Complaint, AXIS admits the allegations set forth therein.

12.     Answering the allegations of paragraph 12 of the Complaint, AXIS admits subparts (a), (b), and (c), and admits that defendants are subject to personal jurisdiction in Delaware.  Except as otherwise admitted, AXIS denies the allegations set forth therein.

**Answering "The 2006 AXIS Policy"**

13.     Answering the allegations of paragraph 13 of the Complaint, AXIS admits the allegations set forth therein.

14.     Answering the allegations of paragraph 14 of the Complaint, AXIS alleges that the policy identified by Northrop as the "2006 CNA Policy" states that coverage is provided by Continental Casualty Company and otherwise admits the allegations set forth therein.

15.     Answering the allegations of paragraph 15 of the Complaint, AXIS alleges that the policy limit of the 2006 National Policy $15 million, with a $2.5 million retention.  Except as otherwise admitted, AXIS denies the allegations set forth therein.

16.     Answering the allegations of paragraph 16 of the Complaint, AXIS admits the allegations set forth therein.

17.     Answering the allegations of paragraph 17 of the Complaint, AXIS admits the allegations set forth therein.

18.     Answering the allegations of paragraph 18 of the Complaint, AXIS alleges the terms of the Retention of the 2006 National Union Policy are set forth in ¶ 7 and Endorsement No. 7 therein.  Except as expressly alleged, AXIS denies the allegations set forth therein.

19.     Answering the allegations of paragraph 19 of the Complaint, AXIS denies the allegations set forth therein.

20.     Answering the allegations of paragraph 20 of the Complaint, AXIS denies the allegations set forth therein.

21.     Answering the allegations of paragraph 21 of the Complaint, and each subparagraph therein, AXIS alleges that (1) the term "Insured" as defined in the 2006 AXIS Policy includes "any person or entity that may be entitled to coverage under the Primary Policy at its inception," including Northrop, and (2) that the definition of "Defense Costs" recited in paragraph 21(e) is an accurate recitation of the definition set forth in the 2006 National Union Policy at p. 3 in Section 3 ["Definitions"].  Except as expressly alleged, AXIS denies the allegations set forth therein.

### Answering "The 2016 National Union Policy"

22.     Answering the allegations of paragraph 22 of the Complaint, AXIS admits the allegations set forth therein.

23.     Answering the allegations of paragraph 23 of the Complaint, AXIS admits the allegations set forth therein.

24.     Answering the allegations of paragraph 24 of the Complaint, AXIS lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations set forth therein.

25.     Answering the allegations of paragraph 25 of the Complaint, AXIS notes that this paragraph constitutes prefatory language to which no response is required.  To the extent that a response is required, AXIS denies the allegations set forth therein.

a.      Answering the allegations of paragraph 25(a) of the Complaint, AXIS alleges that ¶4.A of the 2016 National Union Policy states, in part, that National Union has "both the right and duty to defend any Claim against an Insured alleging a Wrongful Act, even if such Claim is groundless, false or fraudulent."  Except as expressly alleged, AXIS denies the allegations of paragraph 25(a).

b.      Answering the allegations of paragraph 25(b) of the Complaint, AXIS alleges that Northrop has the right to assume the defense of the *Marshall* Litigation if that right is exercised in writing by Northrop on behalf of all Insureds within sixty (60) days of the reporting of the Claim to National Union.  AXIS also alleges that National Union shall be permitted to effectively associate with Northrop in the defense of any Claim**,** and that National Union's consent to Defense Costs shall not be unreasonably withheld. Except as expressly alleged, AXIS denies the allegations of paragraph 25(b).

c.      Answering the allegations of paragraph 25(c) of the Complaint, AXIS admits the allegations set forth therein, with the proviso that the term "Internal Appeal" is bolded in the 2016 National Union Policy to reflect that it is a defined term within the quoted policy.  Except as expressly admitted, AXIS denies the allegations set forth in paragraph 25(c).

d.      Answering the allegations of paragraph 25(d) of the Complaint, AXIS admits the allegations set forth therein, with the proviso that the term "Securities Claim" is bolded in the 2016 National Union Policy to reflect that it is a defined term within the quoted policy.  Except as expressly admitted, AXIS denies the allegations set forth in paragraph 25(d).

e.      Answering the allegations of paragraph 25(e) of the Complaint, AXIS admits the allegations set forth therein, with the provisos that: (i) the language "actual of alleged" in subpart (2) is corrected to "actual or alleged" and (ii) the term "Insured Person's" is bolded in the 2016 National Union Policy to reflect that it is a defined term within the quoted policy.  Except as expressly admitted, AXIS denies the allegations set forth in paragraph 25(e).

f.      Answering the allegations of paragraph 25(f) of the Complaint, AXIS admits that the term "Insured" in the 2016 National Union Policy includes Northrop and (1) any Insured Person, (2) any Plan, (3) any Sponsor Organization, (4) any Plan Committee of a Sponsor Organization, in its capacity as a fiduciary or trustee of a Plan, or in its Administration of a Plan, or (5) Corporate Trust Company, as those terms are defined in the 2016 National Union Policy.  AXIS lacks knowledge and information sufficient to form a belief as to the truth or falsity of whether the term "Insured" in the 2016 AXIS Policy includes the "other defendants" in the *Marshall* Litigation.  Except as expressly admitted, AXIS denies the allegations set forth in paragraph 25(f).

g.      Answering the allegations of paragraph 25(g) of the Complaint, AXIS denies the allegations set forth therein.

h.      Answering the allegations of paragraph 25(h) of the Complaint, AXIS denies the allegations set forth therein.

i.      Answering the allegations of paragraph 25(i) of the Complaint, AXIS admits the allegations set forth therein.

## Answering "The *Grabek* Litigation"

26.     Answering the allegations of paragraph 26 of the Complaint, AXIS admits the allegations set forth therein.

27.     Answering the allegations of paragraph 27 of the Complaint, AXIS lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations set forth therein.

28.     Answering the allegations of paragraph 28 of the Complaint, AXIS admits the allegations set forth therein.

29.     Answering the allegations of paragraph 29 of the Complaint, AXIS admits the defendants in the *Grabek* Litigation included Northrop Grumman Corporation, the Northrop Grumman Savings Plan Administrative Committee and individuals alleged be or to have been involved in the management and administration of, and investments made by, the Northrop Savings Plan.  Except as otherwise admitted, AXIS denies the allegations set forth therein.

30.     Answering the allegations of paragraph 30 of the Complaint, AXIS lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations, and on that basis denies the allegations set forth therein.

31.     Answering the allegations of paragraph 31 of the Complaint, AXIS admits that, under a full reservation of rights, it accepted coverage for, and paid, a portion of the settlement of the *Grabek* Litigation.  Except as otherwise admitted, AXIS denies the allegations set forth therein.

32.     Answering the allegations of paragraph 32 of the Complaint, including subparts (a) through (c), of the Complaint, AXIS denies the allegations set forth therein.

33.     Answering the allegations of paragraph 33 of the Complaint, AXIS denies the allegations set forth therein.

34.     Answering the allegations of paragraph 34 of the Complaint, AXIS admits the *Grabek* Litigation was resolved through settlement, and that both Continental Casualty and AXIS paid portions of the settlement of the *Grabek* Litigation.  Except as otherwise admitted, AXIS denies the allegations set forth therein.

## Answering "The Department Of Labor Claim"

35.     Answering the allegations of paragraph 35 of the Complaint, AXIS admits the allegations set forth therein.

36.     Answering the allegations of paragraph 36 of the Complaint, AXIS admits the allegations set forth therein.

37.     Answering the allegations of paragraph 37 of the Complaint, AXIS alleges that National Union contributed to the amount paid to settle the DOL Claim, but said payment was not for covered loss, thereby improperly requiring AXIS to drop down by the amount of that payment.  Except as expressly alleged, AXIS denies the allegations set forth therein.

38.     Answering the allegations of paragraph 38 of the Complaint, AXIS alleges that Continental Casualty contributed to the amount paid to settle the DOL Claim, but said payment was not for covered loss, thereby improperly requiring AXIS to drop down by the amount of that payment.  Except as expressly alleged, AXIS denies the allegations set forth therein.

39.     Answering the allegations of paragraph 39 of the Complaint, AXIS denies the allegations set forth therein.

**Answering "The *Marshall* Litigation"**

40.     Answering the allegations of paragraph 40 of the Complaint, to the extent paragraph 40 uses the term "*Marshall* Complaint" to refer to the original Complaint filed in the *Marshall* Litigation, AXIS admits the allegations set forth therein.  AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly admitted and alleged, AXIS denies the allegations set forth therein.

41.     Answering the allegations of paragraph 41 of the Complaint, to the extent paragraph 41 uses the term "Marshall Complaint" to refer to the original Complaint filed in the Marshall Litigation, AXIS admits the defendants in the *Marshall* Litigation include Northrop, the Northrop Grumman Savings Plan Administrative Committee, the Northrop Grumman Savings Plan Investment Committee and individuals alleged to be or to have been in the management and administration of the Northrop Savings Plan.  AXIS lacks knowledge and information sufficient to form a belief as to the truth or falsity of whether the individual defendants are involved in the management and administration of the Northrop Savings Plan, and on that basis denies that allegation.  AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly admitted and alleged, AXIS denies the allegations set forth therein.

42.     Answering the allegations of paragraph 42 of the Complaint, AXIS lacks knowledge and information sufficient to form a belief as to the truth or falsity of whether Northrop is conducting the defense of the *Marshall* Litigation on behalf of itself and the other

*Marshall* Defendants, and as to the truth or falsity of whether each of the *Marshall* Defendants is entitled to a defense from Northrop.  AXIS alleges the costs and fees associated with Northrop's defense of itself and the other Marshall Defendants are covered under the 2016 National Union Policy.  Except as expressly alleged, AXIS denies the allegations set forth therein.

43.     Answering the allegations of paragraph 43 of the Complaint, AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly alleged, AXIS denies the allegations set forth therein.

44.     Answering the allegations of paragraph 44 of the Complaint, AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly alleged, AXIS denies the allegations set forth therein.

45.     Answering the allegations of paragraph 45 of the Complaint, AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly alleged, AXIS denies the allegations set forth therein.

46.     Answering the allegations of paragraph 46 of the Complaint,  AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated

Complaint was filed on November 3, 2017.  Except as expressly alleged, AXIS denies the allegations set forth therein.

47.     Answering the allegations of paragraph 47 of the Complaint, AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly alleged, AXIS denies the allegations set forth therein.

48.     Answering the allegations of paragraph 48 of the Complaint, AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly alleged, AXIS denies the allegations set forth therein.

49.     Answering the allegations of paragraph 49 of the Complaint, AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly alleged, AXIS denies the allegations set forth therein.

50.     Answering the allegations of paragraph 50 of the Complaint, AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly alleged, AXIS denies the allegations set forth therein.

### Answering "AXIS and National Union Denial Of Coverage For Defense Fees And Costs Arising Out Of The *Marshall* Litigation"

51.     Answering the allegations of paragraph 51 of the Complaint, AXIS lacks knowledge and information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis denies the allegations as set forth therein.

52.     Answering the allegations of paragraph 52 of the Complaint, AXIS admits the allegations set forth therein.

53.     Answering the allegations of paragraph 53 of the Complaint, AXIS denies the allegations set forth therein.

54.     Answering the allegations of paragraph 54 of the Complaint, AXIS alleges that the allegations of the *Marshall* Complaint were superseded before Continental Casualty's underlying limits to the 2006 AXIS Policy were exhausted, as a Second Amended Consolidated Complaint was filed on November 3, 2017.  Except as expressly alleged, AXIS denies the allegations set forth therein.

55.     Answering the allegations of paragraph 55 of the Complaint, AXIS denies the allegations set forth therein.

56.     Answering the allegations of paragraph 56 of the Complaint, AXIS denies the allegations set forth therein.

57.     Answering the allegations of paragraph 57 of the Complaint, AXIS alleges that the insurance limits of the National Union and Continental Casualty policies underlying the 2006 AXIS Policy have been, or should be deemed to be, properly exhausted by the payments made towards, or which should be credited towards, the *Grabek* Litigation.  AXIS further alleges the limits of the National Union and Continental Casualty policies underlying the 2006 AXIS Policy were not properly eroded by their funding of the DOL Settlement because the DOL Settlement

did not constitute covered loss.  Except as expressly alleged, AXIS denies the allegations set forth therein.

58.     Answering the allegations of paragraph 58 of the Complaint, AXIS admits that Northrop has sought coverage for the defense of the *Marshall* Litigation under the 2006 AXIS Policy.  Except as expressly admitted, AXIS denies the allegations set forth therein.

59.     Answering the allegations of paragraph 59 of the Complaint, AXIS denies the allegations set forth therein.

60.     Answering the allegations of paragraph 60 of the Complaint, AXIS denies the allegations set forth therein.

61.     Answering the allegations of paragraph 61 of the Complaint, AXIS admits the allegations set forth therein.

### Answering "The First Cause of Action"

62.     AXIS incorporates by reference and restates herein the responses to the allegations of Paragraphs 1through 56.

63.     Answering the allegations of paragraph 63 of the Complaint, AXIS denies the allegations set forth therein.

64.     Answering the allegations of paragraph 64 of the Complaint, AXIS denies the allegations set forth therein.

65.     Answering the allegations of paragraph 65 of the Complaint, AXIS denies the allegations set forth therein.

### Answering "The Second Cause of Action"

66.     AXIS incorporates by reference and restates herein the responses to the allegations of Paragraphs 1 through 6o.

67.     Answering the allegations of paragraph 67 of the Complaint, AXIS admits the allegations set forth therein.

68.     Answering the allegations of paragraph 68 of the Complaint, AXIS admits the allegations set forth therein.

69.     Answering the allegations of paragraph 69 of the Complaint, AXIS lacks knowledge and information sufficient to form a belief as to the truth or falsity of whether Northrop has suffered loss in connection with amounts it has paid or incurred arising out of the defense of the *Marshall* Litigation, and on that basis denies the allegations set forth therein.

**Answering "The Third Cause of Action"**

70.     AXIS incorporates by reference and restates herein the responses to the allegations of Paragraphs 1 through 64.

71.     Answering the allegations of paragraph 71 of the Complaint, AXIS denies the allegations set forth therein.

72.     Answering the allegations of paragraph 72 of the Complaint, AXIS denies the allegations set forth therein.

73.     Answering the allegations of paragraph 73 of the Complaint, AXIS denies the allegations set forth therein.

74.     Answering the allegations of paragraph 74 of the Complaint, AXIS admits the allegations set forth therein.

75.     Answering the allegations of paragraph 75 of the Complaint, AXIS admits the allegations set forth therein.

### Answering "The Fourth Cause of Action"

76.     AXIS incorporates by reference and restates herein the responses to the allegations of Paragraphs 1 through 70.

77.     Answering the allegations of paragraph 77 of the Complaint, AXIS admits the allegations set forth therein.

78.     Answering the allegations of paragraph 78 of the Complaint, AXIS admits the allegations set forth therein.

79.     Answering the allegations of paragraph 79 of the Complaint, AXIS admits the allegations set forth therein.

80.     Answering the allegations of paragraph 80 of the Complaint, AXIS admits the allegations set forth therein.

81.     Answering the allegations of paragraph 81 of the Complaint, AXIS admits the allegations set forth therein.

### Answering "The Prayer For Relief"

82.     Answering the allegations of the "Prayer for Relief," AXIS denies that Northrop is entitled to any relief from AXIS whatsoever.

### AXIS'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     The Complaint and each of count therein fails to state a claim or cause of action upon which relief can be granted against AXIS.

### Second Affirmative Defense

2.     Northrop's claims against AXIS, in whole or in part, are precluded or limited by the insuring agreements, definitions, terms, conditions, limitations, exclusions, and other

provisions of the 2006 National Union Policy, 2006 Continental Policy, and the 2006 AXIS Policy..

### Third Affirmative Defense

3.      Northrop's recovery against AXIS, if any, is subject to reduction to the extent Northrop recovers from another source.

### Fourth Affirmative Defense

4.      Northrop's recovery against AXIS, if any, is subject to reduction for failure to exercise reasonable care to mitigate and minimize the alleged damages

### Fifth Affirmative Defense

5.      Northrop has failed to state claims with sufficient particularity to enable AXIS to raise all appropriate defenses and, thus, AXIS reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable rules.

WHEREFORE, defendant AXIS prays:

(1) That plaintiff Nothrop take nothing by reason of its Complaint;

(2) That judgment be entered dismissing plaintiff's Complaint;

(3) For costs of suit incurred herein; and

(4) For such other and further relief as the Court deems just and proper.

### AXIS'S CROSSCLAIM AGAINST NATIONAL UNION

### Jurisdiction

1.      AXIS has filed an Answer to the Complaint of plaintiff Northrop, denying any liability to Northrop in connection with the matters alleged in the Complaint for Damages.  The allegations of Northrop's Complaint filed December 1, 2017 are incorporated herein as a matter

16

of reference.  The allegations of AXIS's Answer filed herewith is incorporated herein as though fully set forth.

2.        AXIS is and at all relevant times was a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Georgia.

3.        AXIS is informed and believes, and thereon alleges, defendant National Union is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New York.

4.        This is a crossclaim by one defendant, AXIS, against a co-defendant, National Union, that arises out of the transactions or occurrences that are the subject matter of the Complaint filed by Northrop.

5.        This Crossclaim and each count in it are subject to this Court's jurisdiction to the same extent as Northrop's Complaint.

### The 2006 Insurance Program

6.        For the policy period of August 1, 2006 to August 1, 2007 (the "06-07 Policy Period"), NORTHROP was insured under a program of insurance providing Employee Benefit Plan Fiduciary Liability Insurance consisting of the following policies:

| Layer | Insurer | Policy No. | Limits |
|---|---|---|---|
| Primary ("2006 National Union Policy," Ex. A) | National Union Fire Ins. Co. of Pittsburgh, Pa. | 672-80-19 | $15,000,000 |
| 1st Excess ("2006 Continental Policy," Ex. B) | Continental Casualty Co. | 120196961 | $15,000,000 x $15,000,000 |
| 2nd Excess ("2006 AXIS Excess Policy," Ex. C) | Cross-Complainant AXIS | RLN715889/01/2006 | $15,000,000 x $30,000,000 |

7.        National Union Fire Insurance Co. of Pittsburgh, Pa. provides primary layer coverage to Northrop pursuant to Employee Benefit Plan Fiduciary Liability Insurance Policy No. 672-80-19 for the 06-07 Policy Period (the "2006 National Union Policy").  The 2006

National Union Policy contains a per Claim and aggregate limit of liability of $15 million, excess of the applicable retention.  A true and correct copy of the 2006 National Union Policy is attached as Exhibit A, and is incorporated by this reference as though fully set forth herein.

8.     Continental Casualty Company provides first layer excess coverage to Northrop pursuant to Policy No. 120196961 for the 06-07 Policy Period (the "2006 Continental Policy"). The 2006 Continental Policy contains a per Claim and aggregate limit of liability of $15 million, excess of $15 million in Underlying Insurance and the applicable retention.  A true and correct copy of the 2006 Continental Policy is attached as Exhibit B, and is incorporated by this reference as though fully set forth herein.

9.     AXIS provides second layer excess coverage to NORTHROP pursuant to the 2006 AXIS Policy for the 06-07 Policy Period.  The 2006 AXIS Policy contains a per Claim and aggregate limit of liability of $15 million, excess of $30 million in Underlying Insurance and the applicable retention.  A true and correct copy of the 2006 AXIS Policy as attached as Exhibit C, and is incorporated by this reference as though fully set forth herein.

### The 2016 Insurance Program

10.     For the policy period of August 1, 2016 to August 1, 2017 (the "16-17 Policy Period"), NORTHROP was insured under a program of insurance providing Employee Benefit Plan Fiduciary Liability Insurance consisting of the following policies:

| **Layer** | **Insurer** | **Policy No.** | **Limits** |
|---|---|---|---|
| Primary ("2016 National Union Policy," Ex. D) | National Union Fire Ins. Co. of Pittsburgh, Pa. | 01-605-30-84 | $15,000,000 |
| 1st Excess ("2016 Continental Policy") | Continental Casualty Co. | 120196961 | $15,000,000 x $15,000,000 |
| 2nd Excess ("2006 AXIS Excess Policy") | Cross-Complainant AXIS | MNN715889/01/2016 | $15,000,000 x $30,000,000 |

18

11.     National Union Fire Insurance Co. of Pittsburgh, Pa. provides primary layer coverage to Northrop pursuant to Fiduciary Liability Insurance Edge - Employee Benefit Plan Fiduciary Liability Insurance Policy No. 01-605-30-84 (the "2016 National Union Policy") for the Policy Period of August 1, 2016 to August 1, 2017 (the "16-17 Policy Period").  The 2016 National Union Policy contains a limit of liability of $15 million, excess of the applicable retention.  A true and correct copy of the 2016 National Union Policy is attached as Exhibit D, and is incorporated by this reference as though fully set forth herein.

### The *Grabek* Litigation

12.     On September 28, 2006, a Complaint entitled *Shirley Waldbuesser, Gary Grabek, Mark A. Geuder, Dwite Russell and Julie Spicer v. Northrop Grumman Corporation, et al.*, was filed in the United States District Court for the Central District of California as Case No. CV06-06213 on behalf of the Northrop Grumman Savings Plan and the Northrop Grumman Financial Security and Savings Program against Northrop for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2).  This action was later consolidated with other actions and designated as *In re Northrop Grumman Corporation ERISA Litigation*, United States District Court for the Central District of California Case No. CV06-06213 (the "*Grabek* Litigation").

13.     AXIS is informed and believes, and thereon alleges, that the *Grabek* Litigation was tendered by Northrop to National Union and Continental Casualty during the 06-07 Policy Period, and that National Union and Continental Casualty analyzed coverage for the *Grabek* Litigation under the 06-07 Policy Period.

14.     The *Grabek* Litigation was also tendered to AXIS during the 06-07 Policy Period, and AXIS fully reserved its rights under the 2006 AXIS Policy.

19

15.     On March 29, 2011, the *Grabek* Litigation was certified as a class action under Federal Rule of Civil Procedure 23(b)(1), plaintiffs Grabek, Geuder, Spicer and Russell were appointed class representatives, and Jerome Schlichter of Schlichter, Bogard & Denton LLP ("Schlichter") was appointed class counsel.

**The Filing Of The *Marshall* Litigation and National Union's Denial of Coverage**

16.     On September 9, 2016, Schlichter filed a new action entitled *Marshall, et al. v. Northrop Grumman, et al.*, U.S. District Court for the Central District of California Case No. 16-6794 (the "*Marshall* Litigation").  The *Marshall* Litigation was filed on September 9, 2016, when both the 2006 National Union Policy and the 2006 Continental Casualty Policy had Limits of Liability remaining to fund the defense of that action.

17.     AXIS is informed and believes, and thereon alleges, that by letter dated November 16, 2016, National Union stated the 2016 National Union Policy "d[id] not provide any coverage for the *Marshall* Litigation," based on clause 5(B)(5) of the 2013, 2014 and 2016 Policies (as amended by Endorsement 7 to the 2013 and 2014 Policies and Endorsement 37 to the 2016 Policy) ("Prior Notice Exclusion").

18.     AXIS fully reserved all rights in connection with the *Marshall* Litigation.  In particular, on December 27, 2016, AXIS advised Northrop that, like Northrop, it reserved all rights with respect to the issue of policy year placement.

**The Agreement to Settle the *Grabek* Litigation**

19.     On June 6 and 7, 2017, the parties to the *Grabek* Litigation executed a Class Action Settlement Agreement which provides that the Northrop would pay $16,750,000 in settlement of the *Grabek* Litigation (the "*Grabek* Settlement").

**The Second Amended Complaint In The *Marshall* Litigation**

20.     Following the resolution of a motion to dismiss and subsequent filing of a First
Amended Complaint, on October 30, 2017, the parties to the *Marshall* Litigation filed a Joint
Stipulation seeking leave for the *Marshall* Plaintiffs to file a Second Amended Complaint.  The
Court granted the Joint Stipulation on November 2, 2017.  The *Marshall* Plaintiffs filed a Second
Amended Complaint the following day, November 3, 2017.  On November 27, 2017, Northrop
filed an Answer to the Second Amended Complaint.

21.     The theories and counts alleged in the *Marshall* Litigation do not allege, do not
arise out of, and are not based upon or attributable to the facts alleged, or the same or related
Wrongful Acts alleged or contained, in the *Grabek* Litigation.

**The Exhaustion Of The 2006 National Union Policy and 2006 Continental Policy**

22.     AXIS is informed and believes, and thereon alleges, that on November 30, 2017,
Continental Casualty paid $7,043,762.08 of the Limits of Liability of the 2006 Continental
Policy to fund a portion of the *Grabek* Settlement.

23.     Concurrently, AXIS paid $9,706,237.92 of the Limits of Liability of the 2006
AXIS Policy to fund the remaining portion of the *Grabek* Settlement, pursuant to a full
reservation of its rights.  In making the ~~making the~~ payment in the amount of $9,706,237.92,
AXIS contributed more than it should have towards the *Grabek* Settlement because the payments
made by underlying insurers National Union and Continental Casualty towards the DOL
Settlement did not constitute covered loss, thereby requiring AXIS to improperly drop down to
the extent the DOL Settlement was not covered.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief)**

24.     AXIS incorporates and re-alleges Paragraphs 1 through 23 above as though fully set forth herein.

25.     An actual controversy exists between AXIS, on the one hand, and National Union, on the other hand, relating to their respective rights and obligations under the 2006 AXIS Policy and the 2016 National Union Policy.

26.     AXIS contends that National Union improperly disclaimed coverage under the 2016 National Union Policy for the *Marshall* Litigation and therefore National Union owes a duty to defend the *Marshall* Litigation under the 2016 National Union Policy.

27.     AXIS is informed and believes, and thereon alleges, that National Union contends that AXIS owes a duty to pay defense costs incurred in the defense of the *Marshall* Litigation under the 2006 AXIS Policy.  AXIS further alleges that the *Marshall* Litigation triggers coverage under the 2016 National Union Policy and that the Prior Notice Exclusion does not apply.

28.     For all of the above reasons, a declaratory judgment is necessary to determine the respective rights and obligations of AXIS and National Union with regard to the *Marshall* Litigation.

**PRAYER**

Wherefore, Cross-Complainant AXIS prays for the following relief:

A.     A judicial declaration that:

   (1)     The 2016 National Union Policy imposes a duty to defend upon National Union;

   (2)     National Union owes a duty to defend the entirety of the *Marshall* Litigation under the 2016 National Union Policy;

(3)      The 2006 AXIS Policy does not impose a duty to defend upon AXIS; and

(4)      AXIS owes no duty to pay defense costs incurred in the defense of the

*Marshall* Litigation;

B.      For costs of suit incurred herein; and

C.      For such other and further relief as the Court deems just and proper.

DATED: January 17, 2018

ROSENTHAL, MONHAIT & GODDESS, P.A.

By:      /s/ *Carmella P. Keener*
      Carmella P. Keener (Del. Bar No. 2810)
      919 N. Market Street, Suite 1401
      Citizens Bank Center
      Wilmington, DE 19801
      302-656-4433
      ckeener@rmgglaw.com

CLYDE & CO US LLP
      Kim W. West
      Alec H. Boyd
      101 Second Street, 24th Floor
      San Francisco, CA 94105
      Phone: (415) 365-9800
      kim.west@clydeco.us
      alec.boyd@clydeco.us

*Attorneys for Defendant/Cross-Complainant*
*AXIS Reinsurance Company*